UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   13-44895 |
| Marketing IV, Inc., | ) | |
| | ) | Chapter:  11 |
| | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## FOURTH INTERIM ORDER APPROVING USE OF CASH COLLATERAL

This matter coming on to be heard on the Motion of Marketing IV, Inc., Debtor and Debtor-in-Possession (hereinafter "Debtor"), for the authority to use cash collateral; due and proper notice having been give pursuant to the requirements of Section 363(c)(2) of the Bankruptcy Code and R4001 of the Federal Rules of Bankruptcy Procedure; the court having examined the foregoing Motion; and the Court being fully advised in the premises, and having conducted a hearing on the need for use of cash collateral:

THE DEBTOR ALLEGES AS FOLLOWS:

1. This case was commenced on November 19, 2013 when the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  No trustee has been appointed.  The Debtor has continued to manage its business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2. The Debtor acknowledges, that there exists a valid lien upon the assets of the Debtor as of the date of the filing of the petition herein, and the cash proceeds thereof by Community Bank of Elmhurst (the "Secured Creditor") who holds a security interest in all the assets of the Debtor by way of a lien duly filed of which the amount of $418,813.73 is still due and owing.

3. An immediate need exists for the Debtor to use the Pre-petition Collateral, including, but not limited to, the cash collateral outlined above in the motion to continue its business operations.

4. The Debtor is unable to obtain, on an immediate basis, credit allowable under 11 U.S.C. §503 (b) and/or §364(a).

5. The Secured Creditor is unwilling to permit the use of any of its Pre-Petition Collateral, including its cash collateral, without the protection afforded by U.S.C. §364(c)(1), (c)(2) and (c)(3), and Debtor is unable to acquire credit on any terms which are more favorable.

6. The Debtor has provided such notice to creditors and other parties as was practicable under the circumstances.

7. The actual notice issued regarding the subject motion was appropriate for the circumstances of this case in that a reasonable opportunity for a hearing has been afforded all parties;

8. Cause has been shown for the entry of this Order.  Among other things, entry of this Order will minimize disruption of the Debtor as a "going concern", will increase the possibilities for a successful reorganization, and is in the best interest of the Debtor, its creditors and its estate.

Based upon the foregoing, IT IS HEREBY ORDERED AS FOLLOWS:

I. The Debtor is hereby authorized to use cash collateral on an interim basis pursuant to the

Budget attached hereto as Exhibit A through and including ~~January 31, 2014.~~ April 6, 2014.

   II. As adequate protection, the Secured Creditor is granted replacement liens on the collateral on which it has a security interest to the same extent, priority and validity as existed prior to the Petition date.

   III. As additional adequate protection from the diminution, if any, in the value of secured creditor's collateral, debtor shall make monthly payments of $1,800.00 per month commencing December 1, 2013.

   IV. The liens granted hereinabove shall be valid, perfected, and enforceable without any further action by the Debtor and/or the Secured Creditor, and need not be separately documented.

   V. In addition to and as a supplement to the foregoing protections, Debtor shall maintain insurance covering the full value of all collateral, and shall permit on site inspection of such collateral, policies of insurance, and financial statements, including, but not limited to, monthly operating reports, upon reasonable notice by secured party, during normal business hours.

   VI. The Debtor shall maintain a separate operating account, which account shall be entitled "Debtor-in-Possession Account", and with the exception of funds needed for petty cash and other payments in the normal course of business or otherwise allowed by Court, the Debtor shall deposit and maintain all cash and all proceeds of accounts receivable, inventory, contract rights, and general intangibles in said account.

   VII. A copy of any Disclosure Statement or Plan of Reorganization proposed by the Debtor, a copy of each monthly operating report, and notice of all matters which might affect The Secured Creditor's secured position or the ultimate collect ability of its claim herein shall be timely mailed to The Secured Creditor.

   VIII. The United States Trustee, all secured creditors, and the 20 largest unsecured creditors shall immediately be mailed copies of this Order. If any or all of the provisions of the Order are hereinafter modified or vacated, such modification or vacation shall not affect the validity of any debt to Secured Party incurred pursuant to this Order.

   IX. This Order shall remain in effect until April 6, 2014, at 12:00 a.m. A final hearing shall be held on March 26, 2014 at 10:00 a.m.

   X. Any objections to this Order shall be in writing and shall be served upon the attorney for the Debtor, the attorney for the Secured Creditor, and the Office of the United States Trustee, at the addresses hereinafter referenced:

   Office of the United States Trustee
219 S. Dearborn, Rm. 873
Chicago, IL 60606


   Attorney for the Debtor
Richard G. Larsen
Springer Brown, LLC
400 S. County Farm Rd., St. 330
Wheaton, IL 60187


   Gina Krol
Attorney for Community Bank of Elmhurst
105 W. Madison Street, Suite 1100
Chicago, IL 60602


   XI. This Court finds and orders that this is a core proceeding under 28 U.S.C. §157(b)(2)(D), and this Order shall be an Interim Order fully effective upon its entry this Court.

Enter:

_United States Bankruptcy Judge_

Dated: 2/27/14

**Prepared by:**

Richard G. Larsen
Springer Brown, LLC
400 S. County Farm Rd., St. 330
Wheaton, IL 60187
630-510-0000
rlarsen@springerbrown.com

| week ending | 2/24-3/2 | 3/3-3/9 | 3/10-3/16 | 3/17-3/23 | 3/24-3/30 | 3/31-4/6 | Total |
|---|---|---|---|---|---|---|---|
| Estimated Sales-Booked | see Feb. #'s | 76000.00 | 76000.00 | 76000.00 | 76000.00 | 76000.00 | 380000.00 |
| Billed to Accounts Receivable | | | | | | | 0.00 |
| Account Receivable Deposits-Applied | | | | | | | 0.00 |
| 401k | | 1200.00 | | 1200.00 | | 1200.00 | 3600.00 |
| ADT | | | | | | | 0.00 |
| Adv Disposal | | | | 553.90 | | | 553.90 |
| Aflac | | 1744.22 | | | | | 1744.22 |
| ASI | | 99.92 | | | | | 99.92 |
| AT&T | | | | 120.80 | | | 120.80 |
| At&T LD | | | | 30.39 | | | 30.39 |
| Blue Cross Blue Shield | | 10343.98 | | | | | 10343.98 |
| Calco | | 155.71 | | | | | 155.71 |
| Call One | | | | | 55.00 | | 55.00 |
| Charge card fees | | 7.95 | 500.00 | | | | 507.95 |
| City of Elmhurst | | | | | | | 0.00 |
| Com Ed | | | | 1389.60 | | | 1389.60 |
| Comcast | | | | 1029.47 | | | 1029.47 |
| Community Bank of Elmhurst | 1800.00 | | | | | 1800.00 | 1800.00 |
| Crown credit | | | | 406.98 | | | 406.98 |
| Country Companies | | | | | | | 0.00 |
| Delta Dental | | 1001.40 | | | | | 1001.40 |
| Freight-UP/Custom/fedx etc. | | 2000.00 | 2000.00 | 2000.00 | 2000.00 | 2000.00 | 10000.00 |
| Gas for truck | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 500.00 |
| GB Property | | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 1000.00 | 5000.00 |
| GK Svce | | | | 1528.35 | | | 1528.35 |
| great lakes | | 242.50 | | | | | 242.50 |
| Harleysville Insur | | | 5445.33 | | | | 5445.33 |
| hitachi | | | | 363.92 | | | 363.92 |
| Hudson Elec | | | | 2364.65 | | | 2364.65 |
| Jorsen Carlson | | 30.55 | 30.55 | 30.55 | 30.55 | 30.55 | 152.75 |
| Mass Mutual-Disab | | 385.59 | | | | | 385.59 |
| Mass Mutual-Life | | 139.52 | | | | | 139.52 |
| Material/OS Svce  for jobs-37.% of sales | | 28120.00 | 28120.00 | 28120.00 | 28120.00 | 28120.00 | 140600.00 |
| MB Financial | | | | 572.46 | | | 572.46 |
| Mellon-H.S.A. | | 83.33 | | 83.33 | | 83.33 | 249.99 |
| MikeL | | | | 1100.00 | | | 1100.00 |
| MISC Bank charges** | | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 100.00 |
| MISC Office expenses*** | | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 1250.00 |
| Mutual of Omaha | | 40.32 | | | | | 40.32 |
| Nextel | | | 1060.32 | | | | 1060.32 |
| Nicor | | | | 1500.00 | | | 1500.00 |
| NSN | | 155.00 | | | | | 155.00 |
| Pace | | 826.88 | | | | | 826.88 |
| Payroll including fees | | 31000.00 | 31000.00 | 31000.00 | 31000.00 | 31000.00 | 155000.00 |
| Pitney Bowes | | | | | 150.00 | | 150.00 |
| printeq | | | 3100.85 | | | | 3100.85 |
| Prudential Life | | 69.40 | | | | | 69.40 |
| PSDA | | 187.50 | | | | | 187.50 |
| Qualified Plan | | | | | | | 0.00 |
| Ricoh | | 184.43 | | | | | 184.43 |
| Sales/use Tax | | | | 250.00 | | | 250.00 |
| Shop Material/Repairs/job ads | | 375.00 | 375.00 | 375.00 | 375.00 | 375.00 | 1875.00 |
| tcf | | | 2217.86 | | | | 2217.86 |
| Terminex | | 108.00 | | | | | 108.00 |
| Tradeshows (3) show/hotel/air/gas/meals | | | 2775.00 | | | | 2775.00 |
| Quarterly Fees on Distributions | | | | | 4875.00 | | 4875.00 |
| TOTAL EXPENSE | 1800.00 | 79871.20 | 74894.06 | 78490.25 | 67975.55 | 65978.88 | 367209.94 |
| | in Feb #'s | | | | | | 367209.94 |